McFarland, J.,
delivered the opinion of the courl.
The present bill was fi.ed by a portion of the distributees of the estate of Margaret Stuart, deceased.
John C. Hix was appointed administrator of her estate in 1859, and filed a bill for an account of advancements and a settlement of the estate.
A cross-hill was filed, and the case was heard, and a decree rendered, in March, 1869.
The present bill, styled a cross-bill, was filed soon afterward, and alleges that, by the decree in the former case, there was ascertained to ber in the hands *738 of Hix for distribution a large sum, which was directed to be paid to the several distributees as therein shown; that in' the meantime Hix had died, leaving his estate insolvent; that William Campbell and John. Wilhoite were the sureties of Hix upon his bond as administrator, but that the bond was lost or destroyed: they pray that Campbell and Wilhoite be made defendants, so that the decree may be against them.
Said defendants, after their demurrer was overruled, •answered. They made the same question as to the fact of their suretyship, which, however, the proof seems to settle against them.
In their answer, they put in issue, in general terms, the allegations of the bill as to the former case and the decree, and as to their liability.
The case was heard, and a decree rendered against the sureties for the amount of the former decree and interest.
Campbell and Wilhoite have appealed.
No account was taken, but the record of the former oase, as we infer, was relied upon as the evidence upon which the present decree was founded.
For some purposes, probably, sureties might be held bound by the settlement of their principal; but they should not be precluded by a decree in a case to which they were not parties, from showing any valid defenses.
We think that the answer of the defendants suffi-o'ently denies the allegations of the bill as to the amount for which they are liable, to put the complainants upon the proof.
*739 The decree in the former case shows that the balance in the hands of Hix for distribution was $2,395.86; -and for this, with interest, the decree in the present case was rendered against his sureties; but the decree, and the decree and the record in the former case, fail to show that the sureties were liable for this sum.
A portion of the amount charged against the administrator was $1,500, the price of a negro woman and her child, sold under a decree of the county court for distribution.
We have several times held that the sureties on an administration bond are not liable for the proceeds of the sale of slaves, or real estate, sold for distribution by a decree of court.
This property was not personal assets, and was not contemplated or covered by the administrator’s bond. Reeves v. Steele, 2 Head, 647.
From any thing appearing in this record, the sureties were not liable for this sum.
The decree will be reversed, and the ease remanded for an account, in which the liability of- the sureties will be determined by ascertaining the amount of personal assets chargeable to the administrator, and the amount of the personal assets he has disbursed in ■due course of administration.
The complainants will pay the costs of this court.